USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LYMAN COMMERCE SOLUTIONS, INC.,

                Plaintiff,

    -against-

CONRAD LUNG, RICHARD GILBERT, *et al.*,

                Defendants.
------------------------------------------------------------X

12 Civ. 4398 (TPG)

**OPINION & RULE 54(b) JUDGMENT**

In this diversity action, plaintiff Lyman Commerce Solutions, Inc. ("plaintiff") seeks to recover payments from a defunct company called MUDD (USA) LLC ("MUDD") to defendants Richard Gilbert, R.D. Simpson, Inc., and the Richard Gilbert Family Trust (collectively, "the Gilbert defendants"). Plaintiff also seeks to recover payments from MUDD to Lung's Consultants, LLC—a company owned by Conrad Lung, the former president of MUDD and another named defendant in this action (collectively, "the Lung defendants").

In an opinion dated April 20, 2015, the court granted plaintiff's motion for partial summary judgment on Count One of the Complaint. (Dkt. No. 102.) In so ruling, the court held that the following four conveyances made by MUDD were fraudulent under New York Debtor and Creditor Law ("DCL") § 273-a:

    (1)    $1,200,000 received by Lung's Consultants, LLC on or about August 24, 2007;
    (2)    $1,783,300 received by R.D. Simpson, Inc. on or about August 24, 2007;
    (3)    $85,000 received by the Richard Gilbert Family Trust on or about August 24, 2007; and
    (4)    $1,700 received by Richard Gilbert on or about August 24, 2007.

The court then directed the parties to submit a joint letter setting forth their views as to the remedies that the court should order consistent with its summary judgment opinion.

1

In their joint submission, the parties agree that: (1) "any judgment or judgments entered as a result of the Decision should consist of money judgments based upon the value of the fraudulent conveyances received by each Defendant"; (2) "the judgment(s) should not be joint and several, but instead should only be entered and enforceable against each Defendant in the amount of the fraudulent conveyance received by that Defendant as determined in the Decision, with any applicable interest"; (3) "all judgment(s) based upon the Decision, should be entered simultaneously against Lung's Consultants, R.D. Simpson, Inc., the Richard Gilbert Trust, and Richard Gilbert"; and (4) "the most Plaintiff can recover in total in this action (exclusive of costs and attorneys' fees, if any, to which it is entitled) is the non-cumulative value of the two judgments it holds against MUDD (USA) LLC . . . and if the MUDD Judgments are reduced to zero, Plaintiff cannot have any further recovery against any Defendant." (Dkt. No. 104 at 2.) The parties further agree "that New York law controls the calculation of prejudgment interest as to the conveyances which the Court has determined to be fraudulent[.]" (*Id.* at 3.) The parties disagree as to how prejudgment interest should be calculated, and also disagree as to whether the court should certify any judgments as final at this juncture under Federal Rule of Civil Procedure 54(b).

For the reasons that follow, the court finds that a Rule 54(b) judgment is justified here. The court further finds that prejudgment interest is to be imposed at the rate of 9% per annum, beginning on March 17, 2009—the date of entry of the first MUDD judgment—through the date of this opinion.

**A. Rule 54(b)**

Federal Rule of Civil Procedure 54(b) authorizes entry of a partial final judgment "as to one or more, but fewer than all, claims or parties" only when three requirements have been satisfied: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities

of at least one party has been finally determined; and (3) the court makes an "express determin[ation] that there is no just reason for delay." *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (citing Fed. R. Civ. P. 54(b)). The Second Circuit has explained that a district court may enter a Rule 54(b) judgment if the claims on appeal are "separate and distinct" or "based upon factual and legal questions that are distinct" from those remaining before the district court. *Id.* at 141-42 (internal citations omitted).

"Whether to grant a Rule 54(b) [certification] is left to the discretion of the district court." *Cromwell v. New York City Health & Hospitals Corp.*, No. 12 Civ. 4251(PAE), 2013 WL 6423431, at *2 (S.D.N.Y. Dec. 9, 2013) (internal citation omitted). In considering whether to certify a judgment under Rule 54(b), a district court "must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick v. AXA Network, LLC,* 642 F.3d 304, 310 (2d Cir. 2011).

There are multiple claims or parties in this case, satisfying the first prong of the Rule 54(b) test. The second prong is also satisfied, as the rights and liabilities of at least one party—defendant the Richard Gilbert Family Trust—have been fully determined by the summary judgment ruling. Moreover, the second prong is satisfied because the summary judgment ruling also resolved "at least one claim"—the first cause of action of the complaint, brought under DCL § 273-a, based on the "redemption" of "membership units." This claim is separate and distinct from the surviving claims in the case, which concern (1) actual fraud under DCL § 276 against only the Lung defendants, which would involve proof of actual intent not relevant to § 273-a claims; (2) alter ego liability for the individual defendants, or (3) certain additional claims under § 273-a based on salary payments, not "membership unit" payments. All of these remaining claims implicate different questions of fact and law than those already resolved at summary judgment, and do not

3

bar certification of a Rule 54(b) judgment at this time. Nor is such a judgment prohibited by the fact that the summary judgment ruling did not resolve certain cross-claims or third-party claims by the Lung defendants. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief—*whether as a claim, counterclaim, crossclaim, or third-party claim*—or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all claims . . .") (emphasis added); *see also Nippon Yusen Kaisha v. FIL Lines USA Inc.*, 977 F. Supp. 2d 343, 353 (S.D.N.Y. 2013) (rejecting argument that pendency of third-party complaint precluded entry of final judgment).

With regard to the third prong, the court finds that there is no just reason to delay entering final judgment in favor of plaintiff at this time. It is in the interest of the parties and of judicial efficiency to resolve finally the dispute between plaintiff and the Lung and Gilbert defendants. The transfers at issue were made in 2007, nearly eight years ago. The Iowa judgment, which implicated defendants' liability under § 273-a, was entered in March 2009. That judgment was recognized in New York State in 2010, and plaintiff initiated this action in June 2012. Meanwhile, no discovery has been taken on the claims remaining before the district court. Absent entry of a Rule 54(b) judgment at this time, the remaining claims may not be resolved for additional months or years. Such a scenario would be particularly inefficient here: judgment with respect to the four conveyances at issue would likely be sufficient to satisfy plaintiff's previous judgments against MUDD, and the parties agree that "if the MUDD Judgments are reduced to zero, Plaintiff cannot have any further recovery against any Defendant[.]" (Dkt. No. 104 at 2.) As such, the remaining claims regarding other conveyances—including the possibility of a hypothetical piecemeal appeal of rulings regarding such conveyances at a later date—would likely be rendered moot if the Second Circuit affirms this court's summary judgment ruling.

4

For these reasons, the court declines to place the resolved claim on hold until all disputes in the case are decided, and will certify a Rule 54(b) judgment in favor of plaintiff as set forth below. The judgment will be consistent with DCL § 278, which allows a creditor to "recover money damages against parties who participate in the fraudulent transfer and are either transferees of the assets or beneficiaries of the conveyance." *RTC Mortgage Trust 1995-S/N1 v. Sopher*, 171 F. Supp. 2d 192, 201-02 (S.D.N.Y. 2001); *see also In re Adelphia Recovery Trust*, 634 F.3d 678, 691-93 (2d Cir. 2011) (accord).

### B. Prejudgment Interest

The parties agree that New York law governs the calculation of prejudgment interest on the four fraudulent conveyances at issue, but disagree as to the applicable rate of interest, as well as the date from which interest should run. New York law provides: "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." N.Y. C.P.L.R. § 5001(a). Such interest "shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b).

Plaintiff seeks to apply the New York statutory rate of 9% per annum from August 24, 2007—the date of the conveyances. In plaintiff's proposed scenario, the judgment against the Gilbert defendants would total over $3.1 million, of which nearly $1.3 million would constitute interest alone. In that same scenario, the judgment against Lung's Consultants LLC would total

over $2 million, of which approximately $837,000 would constitute interest alone. By contrast, the Gilbert and Lung defendants claim that plaintiff is not entitled to the statutory 9% rate as a matter of right, and that the court has discretion to set a lower interest rate. The defendants also claim that the court should not start the interest clock from the date of the conveyances, and suggest either March 17, 2009—the time the Iowa judgment was entered—or June 2012—the time the complaint was filed in this court—as the appropriate date from which interest should run.

Under recent Second Circuit case law, plaintiffs in a fraudulent conveyance action are not necessarily entitled to the statutory interest rate as a matter of right under C.P.L.R. § 5001(a). *See In re Palermo*, 739 F.3d 99, 107 (2d Cir. 2014) (holding that, in fraudulent conveyance action, "the first part of Section 5001(a) is inapplicable"). However, interest may be still be awarded in the district court's discretion. *See id.* (noting that "the district court was free to exercise its discretion to make an award pursuant to the second part of the statute"). Here, the court finds in its discretion that an award of prejudgment interest is merited, and that the appropriate rate of interest is 9% per annum.

With regard to the date from which interest will run, plaintiff's proposal proves too much. On this point, the best argument plaintiff can muster is that "[w]hile the parties could debate about when Plaintiff's cause of action first 'existed,' [under C.P.L.R. 5001(b)], it is reasonable to use the date that the Defendants received the fraudulent conveyances as the starting date for the pre-judgment interest." (Dkt. No. 104-1 at 4.) The court disagrees, and finds that interest should run from March 17, 2009—the date judgment was entered against MUDD in Iowa, and the time at which plaintiff gained a right to the transferred funds under DCL § 273-a.

Having now determined that there is no just reason for delay, and having now directed that final judgment upon certain issues be entered, it is hereby:

**ORDERED, ADJUDGED AND DECREED as follows:**

1. The court determines that plaintiff is entitled to final judgment, under Federal Rule of Civil Procedure 54(b).

    a. The judgment shall not be joint and several, but instead is enforceable against each defendant only for the amount of the fraudulent conveyance received by that defendant as determined in the court's April 20, 2015 opinion, plus applicable prejudgment interest.

2. The court determines that plaintiff is entitled, under New York law, to prejudgment interest in the amount of 9% per annum.

3. Accordingly, the Clerk of Court is directed to enter final judgment, in favor of plaintiff and against each defendant, as set forth below:

    a. Judgment in the amount of $1,700 against Richard Gilbert, plus prejudgment interest in the amount of 9% per annum, running from March 17, 2009 through the date of this opinion;

    b. Judgment in the amount of $1,783,300 against R.D. Simpson, Inc., plus prejudgment interest in the amount of 9% per annum, running from March 17, 2009 through the date of this opinion;

    c. Judgment in the amount of $85,000 against the Richard Gilbert Family Trust, plus prejudgment interest in the amount of 9% per annum, running from March 17, 2009 through the date of this opinion;

d. Judgment in the amount of $1,200,000 against Lung's Consultants, LLC, plus prejudgment interest in the amount of 9% per annum, running from March 17, 2009 through the date of this opinion.

**IT IS SO ORDERED.**

Dated: July 15, 2015
New York, New York

THOMAS P. GRIESA
United States District Judge