USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LYMAN COMMERCE SOLUTIONS, INC.,

                  Plaintiff,

-against-

CONRAD LUNG, RICHARD GILBERT, *et al.*,

                  Defendants.
------------------------------------------------------------X

12 Civ. 4398 (TPG)

**OPINION & ORDER**

On July 16, 2015, the court issued an opinion and order directing entry of partial final judgment against four of the defendants in this action, including defendant R.D. Simpson, Inc. (Dkt. No. 111.) On July 20, 2015, the Clerk of Court entered judgment in favor of plaintiff against R.D. Simpson, Inc. in the amount of $2,799,487.85. (Dkt. No. 112.) R.D. Simpson, Inc. filed a timely notice of appeal on August 7, 2015. (Dkt. No. 115.) No supersedeas bond has been posted, and no party has sought a stay of the judgment.

In a letter dated August 21, 2015, plaintiff now moves, pursuant to 28 U.S.C. § 1963, to register the judgment against R.D. Simpson, Inc. in the United States District Court for the Northern District of Georgia. (Dkt. No. 116.)

28 U.S.C. § 1963 provides that "[a] judgment in an action for the recovery of money or property entered in any ... district court" may be registered for enforcement in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." *HSH Nordbank AG New York Branch v. Swerdlow*, No. 08 CIV. 6131, 2010 WL 1957265, at *1-2 (S.D.N.Y. May 14, 2010) (quoting 28 U.S.C. § 1963). "Courts in the Southern District of New York have consistently held that good cause is established when a judgment debtor has (1) substantial property in the other

1

district and (2) insufficient property in this district." *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09 CIV. 5087, 2014 WL 2893306, at *4-5 (S.D.N.Y. June 26, 2014) (collecting cases); *see also HSH Norbank*, 2010 WL 1957265, at *1-2 ("'Good cause' is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment.").

Here, an asset search conducted by plaintiff revealed that R.D. Simpson, Inc. has at least two parcels of real property located in Bartow County, Georgia. By contrast, that same search revealed that R.D. Simpson, Inc. is not authorized to conduct business in New York, and there is little reason to believe that it maintains any assets in New York. (*See* Dkt. No. 116 at Ex. A.)

Plaintiff advises the court that R.D. Simpson, Inc. does not oppose this request, and R.D. Simpson, Inc. has not in fact filed any objections or other materials to controvert plaintiff's evidence that: (1) R.D. Simpson, Inc. has substantial assets in Georgia; and (2) R.D. Simpson, Inc. lacks assets sufficient to satisfy the judgment in New York.

On this record, the court finds that good cause has been shown to register the judgment in another district, pursuant to 28 U.S.C. § 1963. Plaintiff's motion for authorization to register the judgment in the Northern District of Georgia is granted.

SO ORDERED.

Dated: August 28, 2015
      New York, New York

THOMAS P. GRIESA
United States District Judge