UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYMAN COMMERCE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CONRAD LUNG, <br> RICHARD GILBERT, <br> LUNG'S CONSULTANTS LLC, <br> R.D. SIMPSON, INC., <br> THE RICHARD GILBERT FAMILY TRUST, and <br> IRWIN LEVY AS TRUSTEE OF THE RICHARD <br> GILBERT FAMILY TRUST <br><br> Defendants. | INDEX NO. 12 Civ 4398(TPG) <br><br> STIPULATION and ORDER |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2015

The undersigned counsel for Plaintiff Lyman Commerce Solutions, Inc. ("LCS") and Defendants Conrad Lung and Lung's Consultants, LLC ("the Lung Defendants") hereby stipulate and agree, as follows:

Pursuant to Orders entered by the Court on August 27, 2013 and September 23, 2013, Conrad Lung was enjoined from transferring, pledging or otherwise encumbering certain funds ("the Restrained Funds") during the pendency of this action unless so ordered by the Court; and

The Restrained Funds are being held by the law firm of Salon Marrow Dyckman Newman & Brody LLP, counsel for the Lung Defendants, as escrow agents; and

The parties have entered into a Settlement Agreement and Release ("the Settlement Agreement") under which the Lung Defendants have agreed to pay Plaintiff the amount of one million two hundred and fifty thousand dollars ($1,250,000.00) to satisfy the outstanding judgment against Lung's Consultants LLC and to resolve Plaintiff's remaining claims against the Lung Defendants; and

To effectuate the payment of the sum owed pursuant to the Settlement Agreement, the Court orders as follows:

a) Solely for the purpose of making the payment called for in the Settlement Agreement, counsel for the Lung Defendants shall be permitted to transfer one million two hundred and fifty thousand dollars ($1,250,000.00) of the Restrained Funds to Plaintiff's counsel;

b) All restraints and injunctions issued by the Court concerning the Restrained Funds shall be deemed vacated after LCS's counsel has confirmed in writing that either: a) it has received good funds for the Settlement Payment due under the Settlement Agreement; or b) LCS has agreed to accept the payment of monies by or on behalf of the Lung Defendants in respect of the Settlement Payment, despite a default in payment by the Gilbert Defendants;

c) In the event the payment referenced in paragraph (a) is returned by LCS's counsel due to a default under the Settlement Agreement, such funds shall promptly be deposited in the account holding the remaining Restrained Funds, all of which funds shall remain subject to the restraints previously ordered by the Court.

Dated: New York, New York
December 10, 2015

CLAYMAN & ROSENBERG LLP
Attorneys for Plaintiff

By: _____
Paul Hugel (PH 4749)
305 Madison Avenue – Ste 1301
New York, NY 10165
(212) 922-1080

So Ordered: _____
Thomas P. Griesa, U.S.D.J.
12-14-2015

SALON MARROW DYCKMAN
NEWMAN BROUDY LLP
Attorneys for Defendants Conrad Lung
And Lung's Consultants LLC

By: _____
Daniel Goldberg (DG 5745)
292 Madison Ave
New York, NY 10017
(212) 661-7100

SACHS PC.
Attorneys for beneficiaries under the
Conrad Lung Qualified Personal Residence Trust

By: _____
John R. Sachs, Jr., Esq.
180 Central Park South, Suite 1237
New York, New York 10019
(917) 532-4385

2