UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYMAN COMMERCE SOLUTIONS, INC.,

                Plaintiff,

-against-

CONRAD LUNG,
RICHARD GILBERT,
LUNG'S CONSULTANTS LLC,
R.D. SIMPSON, INC.,
THE RICHARD GILBERT FAMILY TRUST, and
IRWIN LEVY AS TRUSTEE OF THE RICHARD
GILBERT FAMILY TRUST

                Defendants.

INDEX NO. 12 Civ 4398(TPG)

STIPULATION and ORDER

      The undersigned counsels for Plaintiff Lyman Commerce Solutions, Inc.("LCS") and for Defendants Richard Gilbert, R.D. Simpson, Inc., The Richard Gilbert Family Trust and Irwin Levy as Trustee of the Richard Gilbert Family Trust ("the Gilbert Defendants"), hereby stipulate and agree as follows:

      By Stipulation and Order entered on May 6, 2015, (Dkt. #103) the Court enjoined R.D. Simpson, Inc. from transferring or encumbering any interest in real property owned by it without providing 30 days written notice to LCS's counsel (the "May 6 Stipulation and Order"); and

      By Order entered on August 31, 2015, the Court approved a supersedeas bond in the amount of $3,258,507.90 posted by the Gilbert Defendants for the payment of judgments which have been entered against them in this action ("the Supersedeas Bond"); and

      The Gilbert Defendants currently have assets in Neuberger Berman account number 550-26465, that are being used as collateral to secure the Supersedeas Bond ("the Bond Collateral"); and

The parties have entered into a Settlement Agreement and Release ("the Settlement Agreement") under which R.D. Simpson has agreed to pay LCS the amount of one million seven hundred and fifty thousand dollars ($1,750,000.00) (the "Settlement Payment") to satisfy the outstanding judgment against the Gilbert Defendants and to resolve Plaintiff's remaining claims against them; and

To effectuate the payment of the sum owed by R.D. Simpson pursuant to the Settlement Agreement, the parties request, and the Court does hereby Order as follows:

a) The Supersedeas Bond is hereby vacated and the issuer of said bond shall have no further obligations thereunder to LCS;

b) The Gilbert Defendants are hereby enjoined from transferring, pledging or otherwise encumbering the Bond Collateral, except as permitted by the Settlement Agreement, this Stipulation and Order or further order of the Court;

c) Solely for the purpose of making the Settlement Payment, the Gilbert Defendants shall be permitted to liquidate securities which are part of the Bond Collateral and to transfer any portion of the Bond Collateral among themselves, or to an attorney escrow account maintained by Matalon Shweky Elman PLLC,;

d) The May 6 Stipulation and Order and the injunction imposed in paragraph (b) herein shall both be deemed vacated after LCS's counsel has confirmed in writing to counsel for the Gilbert Defendant that either: a) it has received the full Settlement Payment due under the Settlement Agreement; or b) LCS has agreed to accept the Settlement Payment made by the Gilbert Defendants despite a default in payment by the Lung Defendants; and

e) In the event the payment by the Gilbert Defendants is returned by Plaintiff due to a default under the Settlement Agreement, such funds shall promptly be deposited in

2

the account holding the remaining Bond Collateral, all of which funds shall remain

subject to the restraints set forth in paragraph (b) herein.

Dated: December 8, 2015
New York, New York

Clayman & Rosenberg LLP
Attorneys for Plaintiff

*[signature]*

By: Paul Hugel (PH 4749)
305 Madison Avenue – Ste 1301
New York, NY 10165
(212) 922-1080

Matalon Shweky Elman PLLC
Attorneys for Richard Gilbert,
R.D.Simpson, Inc., The Richard
Gilbert Family Trust and Irwin Levy
as Trustee of the Richard Gilbert
Family Trust

*[signature]*

By: Howard Elman (HE7014)
450 Seventh Avenue, 33rd Floor
New York, NY 10123
(212) (212) 244-9000

So Ordered:

*[signature]*

Thomas P. Griesa, U.S.D.J
12-14-2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2015

3